IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| QUANDRE D. DAVIS, and<br>GRADY R. WILLIAMS, JR.<br><br>   Plaintiffs<br><br>v.<br><br>Commissioner BRIAN OWENS, *et. al.*<br><br>   Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:  NO. 5:13-cv-0227-CAR-CHW<br>:<br>:<br>:  PROCEEDINGS UNDER 42 U.S.C. § 1983<br>:  BEFORE THE U. S. MAGISTRATE JUDGE |

## ORDER & RECOMMENDATION

Plaintiffs **QUANDRE D. DAVIS** and **GRADY R. WILLAIMS**, state prisoners currently confined at Macon State Prison in Oglethorpe, Georgia, have filed a single *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiffs are advised that *pro se* prisoners proceeding *in forma pauperis* are not generally permitted to join together as plaintiffs in a single lawsuit. Each prisoner must file his own lawsuit and either pay the full amount of the filing fee or seek leave to proceed *in forma pauperis*. Hubbard v. Haley, 262 F.3d 1194, 1998 (11th Cir. 2001).

Although the current pleading names two plaintiffs, neither has pre-paid the filing fee and only Quandre Davis is seeking to proceed *in forma pauperis*. (See Motion, ECF No. 4). Grady Williams did not pre-pay the filing fee, supply the Court with a pauper's affidavit, or otherwise request leave to proceed *in forma pauperis*. It is accordingly **RECOMMENDED** that Plaintiff **Grady R. Williams** and all of his claims be **DISMISSED** from this action *without prejudice*. If Mr. Williams wishes to proceed with his claims, he may file his own civil rights complaint.

Plaintiffs may serve and file written objections to this recommendation with the district judge to whom this case is assigned within fourteen (14) days after being served a copy of this Order. See 28 U.S.C. § 636(b)(1).

As noted above, Plaintiff Quandre Davis has filed a Motion for leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). Because Plaintiff Davis' submissions show that he is currently unable to pre-pay the entire $350.00 filing fee, his Motion to proceed *in forma pauperis* (ECF No. 4) is **GRANTED**. Plaintiff's submissions also indicate, however, that he should be able to pre-pay at least a portion of the filing fee at this time. Plaintiff's prison trust account statement shows deposits totaling $98.50 within the last six months, which gives him an average monthly deposit of $16.41. Therefore, pursuant to 28 U.S.C. § 1915(b)(1)(B), it is **ORDERED** that Plaintiff now pay a partial initial filing fee of $3.28. Plaintiff will also be required to pay remaining $346.72 of the filing fee under the payment plan set forth 28 U.S.C. § 1915(b)(1). The Court's filing fee is not refundable, regardless of the outcome of Plaintiff's case.

Moreover, if Plaintiff Davis wishes pursue relief in this Court, he must complete, sign, and file a standard §1983 complaint form. When filed, this complaint will be substituted for the current pleading and all attachments and documents that have been filed. The Clerk is thus directed to provide both Plaintiffs with copies of the standard §1983 complaint form.

Plaintiff Davis shall have **TWENTY-ONE (21) DAYS** from the date shown on this Order to (1) pay an initial fee of $3.28 and (2) recast his complaint on the required form. Failure to comply with this Order may result in the dismissal of his Complaint. If, in light of the information provided above, Plaintiff decides that he no longer wishes to go forward with this

action, he shall notify the Court in response to this Order and may thereby avoid incurring this Court's $350 filing fee (for which he will otherwise be liable even if this Court again dismisses his claims prior to service).

There shall be no service of process in this case until further order.

**SO ORDERED**, this 5th day of July, 2013.

s/ Charles H. Weigle<br>
Charles H. Weigle<br>
United States Magistrate Judge